**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 18-4468**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

MICHAEL LAMONT ROBINSON, a/k/a Michael Moore, a/k/a Lil Murder,

Defendant - Appellant.

Appeal from the United States District Court for the Middle District of North Carolina, at Greensboro.  Thomas D. Schroeder, Chief District Judge.  (1:17-cr-00314-TDS-1)

Submitted:  March 28, 2019                    Decided:  April 24, 2019

Before FLOYD and RICHARDSON, Circuit Judges, and SHEDD, Senior Circuit Judge.

Dismissed by unpublished per curiam opinion.

Mark A. Jones, BELL, DAVIS & PITT, PA, Winston-Salem, North Carolina, for Appellant. Matthew G.T. Martin, United States Attorney, Kyle D. Pousson, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Greensboro, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Michael Lamont Robinson appeals his conviction after pleading guilty to possession with intent to distribute heroin, in violation of 21 U.S.C. § 841(a)(1), (b)(1)(C) (2012), and being a felon in possession of a firearm, in violation of 18 U.S.C. §§ 922(g)(1), 924(a)(2) (2012). Robinson contends that he received ineffective assistance of counsel when one attorney failed to investigate the quantity of heroin seized upon his arrest and another attorney failed to argue Robinson's motion to withdraw the guilty plea. We dismiss the appeal.

To prevail on a claim of ineffective assistance of counsel, a prisoner "must show that counsel's performance was deficient" and "that the deficient performance prejudiced the defense." *Strickland v. Washington*, 466 U.S. 668, 687 (1984). In the guilty plea context, "the defendant can show prejudice by demonstrating a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Lee v. United States*, 137 S. Ct. 1958, 1965 (2017) (internal quotation marks omitted). However, "[u]nless an attorney's ineffectiveness conclusively appears on the face of the record, such claims are not addressed on direct appeal." *United States v. Faulls*, 821 F.3d 502, 507-08 (4th Cir. 2016). Instead, such "claim[s] should be raised, if at all, in a 28 U.S.C. § 2255 [(2012)] motion," *id.* at 508, in order to permit sufficient development of the record, *see United States v. Baptiste*, 596 F.3d 214, 216 n.1 (4th Cir. 2010). Because the record in this case does not conclusively establish ineffective assistance of counsel, we decline to review Robinson's claims on direct appeal.

Accordingly, we dismiss the appeal. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*DISMISSED*